UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Latoya Chisley, individually and on behalf of all others similarly situated;

Plaintiff,

-v.-

Financial Business and Consumer Solutions, Inc. d/b/a/ FBCS, Inc.  and

John Does 1-25

Defendant.

Civil Action No: 3:20-cv-52

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Latoya Chisley (hereinafter, "Plaintiff"), a Louisiana resident, brings this Class Action Complaint by and through her attorneys, Scott, Vicknair, Hair & Checki, LLC against Defendant Financial Business and Consumer Solutions, Inc. d/b/a/ FBCS, Inc.  (hereinafter "Defendant FBCS") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Louisiana consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Louisiana, Parish of East Baton Rouge,

residing at 1433 Texas Ave, Baker, LA 70714.

8.    Defendant FBCS is a "debt collector" as the phrase is defined in 15 U.S.C.

§ 1692(a)(6) and used in the FDCPA with an address at 330 S. Warminster Rd., Suite 353,

Hatboro PA 19040.

9.    Upon information and belief, Defendant FBCS is a company that uses the mail,

telephone, and facsimile and regularly engages in business the principal purpose of which is to

attempt to collect debts alleged to be due another.

10.    John Does l-25, are fictitious names of individuals and businesses alleged for the

purpose of substituting names of Defendants whose identities will be disclosed in discovery and

should be made parties to this action.

## CLASS ALLEGATIONS

11.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ.

P. 23(a) and 23(b)(3).

12.    The Class consists of:

a.  all individuals with addresses in the State of Louisiana;

b.  to whom Defendant FBCS sent a collection letter attempting to collect a
    consumer debt;

c.  that falsely states that a payment on the debt may restart the statute of limitations;

d.  which letter was sent on or after a date one (1) year prior to the filing of this
    action and on or before a date twenty-one (2l) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a.  **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e, 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to February 4, 2019, an obligation was allegedly incurred to Merrick Bank Corporation.

22.     The Merrick Bank Corporation obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

23.     The alleged Merrick Bank Corporation obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5)

24.     Merrick Bank Corporation contracted with the Defendant FBCS to collect the alleged debt.

25.     Defendant FBCS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation -February 4, 2019 Collection Letter*

26.    On or about February 4, 2019, Defendant FBCS sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Merrick Bank Corporation. **See Exhibit A**.

27.    The bottom of the Collection Letter states in part: "The law limits how long you can be sued on a debt.  Because of the age of your debt, our client cannot sue you for it.  You may renew the debt and the statute of limitations if you do any of the following: make any payment on the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up or waive your right to stop the creditor from suing you in court to  collect the debt."

28.    The alleged debt is time-barred, meaning that Defendants cannot sue Plaintiff.

29.    The letter is deceptive and misleading by stating that a payment may restart the statute of limitations.

30.    Under Louisiana law, a partial payment alone will not restart the statute of limitations.

31.    The letter misleads the consumer regarding Louisiana law by incorrectly stating that a partial payment "may" revive the statute of limitations when, in fact, it will not.

32.    Defendants made deceptive and misleading representations when they mislead the Plaintiff by stating that a partial payment may re-start the statute of limitations.

33.    In addition, the Letter states: "Calling for further information or making a payment is not a substitute for disputing the debt."

34.    This statement is unclear and confusing for the consumer.

35.    The Letter does not describe the dispute process at all, and the consumer is told that making payment and calling for information are not a substitute for disputing the debt.

36.    It is not reasonable for anyone to assume that making a payment or asking for information would be considered a dispute, especially if the Letter does not state any instruction regarding a dispute.

37.    Defendant should not inform consumers about what does not constitute a dispute without any background to what is a dispute and in doing so, Defendant's Letter is confusing, misleading and deceptive.

38.    As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.    Defendants violated said section

a.    by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

b.    by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

43.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47.    Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

48.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Latoya Chisley, individually and on behalf of all others similarly situated, demands judgment from Defendant FBCS as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Samuel J. Ford, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  January 27, 2020                Respectfully Submitted,


**SCOTT, VICKNAIR, HAIR & CHECKI**

*/s/ Samuel J. Ford*
#36081
909 Pydras St., Ste 1100
New Orleans, LA, 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
*Attorneys For Plaintiff*